# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| HERITAGE RECYCLING, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:14-mc-00027-TWP-DKL |
| ENERGY CREATES ENERGY, LLC, and GENESYS INDUSTRIAL CORP., | ) |
| Defendants. | ) |

## ENTRY ON PENDING MOTIONS

This matter was before the Court for oral argument on July 2, 2014. The motions pending include Defendants' Energy Creates Energy, LLC ("ECE"), and Genesys Industrial Corp. ("Genesys") (collectively, "Defendants") Motion to Set Aside Judgment Confirming Arbitration Award (Filing No. 9) and Motion to Vacate Arbitration Award (Filing No. 30). For the following reasons, the Motion to Set Aside Judgment is **GRANTED** and the Motion to Vacate is **DENIED**.

## I. BACKGROUND

ECE and Plaintiff, Heritage Recycling, LLC ("Heritage") entered into a Purchase, License & Commercialization Agreement ("the Agreement") on May 20, 2011. ECE controlled technology and intellectual property relating to a machine that shreds material so it may be recycled ("the Shredder"), and Heritage wanted to commercialize the technology. The Agreement granted Heritage an exclusive license to two patents for twenty-five (25) years. Heritage paid $3 million for the rights. The Agreement contained an arbitration clause for disputes arising out of and relating to the Agreement.

Eighteen months later, the working relationship between Heritage and ECE dissolved and good faith negotiations to resolve their disputes failed. Heritage filed a four count arbitration claim

against ECE alleging breach of contract, fraudulent inducement, tortious interference, and unjust enrichment. Heritage's breach of contract claim alleged that ECE had breached the Agreement's exclusivity clause, as explained in a demand letter attached to the Complaint. The Complaint itself does not specify a specific clause of the Agreement, but references seven types of conduct that Heritage alleged constituted a breach of the Agreement. The conduct generally referred to developing systems, technology, and intellectual property, and granting licenses and rights that would compete with Heritage's exclusive rights and commercialization efforts. Heritage specifically requested rescission of the Agreement. *See* Filing No. 31-6, at ECF pp. 8-9.

The parties underwent discovery. On January 7, 2014, ECE requested the arbitration hearing be postponed on the basis of discovery abuses. At a telephonic conference on January 10, 2014, the arbitrator denied the request. On January 20, 2014, Heritage filed a pre-hearing brief that alleged ECE also breached section 4.1(f) and 4.1(k) of the Agreement. ECE did not request a continuance.

The parties underwent contractually bargained-for arbitration from January 27, 2014 to February 3, 2014. On February 28, 2014, the arbitrator ruled in favor of ECE on the fraudulent inducement, tortious interference, and unjust enrichment counts. The arbitrator found in favor of Heritage on the breach of contract claim. Shortly thereafter, Heritage contacted Defendants' counsel to arrange for payment of the arbitration award. Heritage notified Defendants it would seek district court confirmation if the award was not paid by a certain date. After receiving an unsatisfactory answer, Heritage filed this miscellaneous proceeding with its petition on March 13, 2014. It attached a certificate of service to Defendants. The entire action was also filed under seal.

2

To effectuate service, Heritage emailed a non-file-stamped copy of the petition, accompanying documents, and motion to seal to Defendants. Heritage also sent copies by U.S. Mail. However, as emphasized, Heritage did not provide a file-stamped copy of the petition and the copy provided did not include a cause number. Defendants did not correspond with Heritage or file anything with the Court. Heritage then emailed Defendants' counsel to confirm that they could accept service on behalf of Defendants. Counsel responded that, yes, they could accept service and would effectuate waiver if the proper forms were provided under Rule 4. Heritage's counsel did not reply or send waiver forms and never provided Defendants with a cause number. Defendants' counsel state that they searched the online docket for this action, but received no results due to the action being filed under seal. Additionally, Defendants' calls to Court staff were unproductive given the case's status under seal.

The parties exchanged further correspondence regarding payment of the award and other matters involving the underlying issue of a lease. One such email from Defendants' counsel notes that a legal action had been filed by Heritage, despite that Defendants' counsel had not appeared in the action.

On April 4, 2014, the Court entered judgment confirming the arbitration against Defendants. Then, on April 8, 2014, Heritage's counsel forwarded to Defendants by email, the judgment entered by the Court on April 4, 2014. Defendants filed a Motion to Set Aside Judgment on April 14, 2014. On May 27, 2014, Defendants filed a Motion to Vacate Arbitration Award on the basis that the arbitrator considered issues beyond that which were presented by the parties.

## II. **DISCUSSION**

Defendants ask the Court to set aside the default judgment because service was not effectuated properly. Defendants also ask the Court to vacate the arbitrator's finding for Heritage.

### A. Default Judgment

The procedure of this action is governed by the Federal Arbitration Act ("FAA"). Under 9 U.S.C. § 6, "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein provided." Under 9 U.S.C. § 9, a party may make an application to the Court for confirmation or vacation of an arbitration award. "Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding." 9 U.S.C. § 9. "If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court." *Id.* Notice is further discussed in 9 U.S.C. § 12:

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

"Section 12 thus creates separate service requirements for parties who reside in the district and those who reside elsewhere." *Technologists, Inc. v. MIR's Ltd.*, 725 F. Supp. 2d 120, 126 (D.D.C. 2010). The Defendants in this case are nonresidents of this District, and under the FAA, such service is to be effectuated by a U.S. Marshal. However, in *Technologists, Inc.*, the court reasoned that a foreign party (not a resident of any judicial district) should be served under Rule 4. It explained:

> The language of § 12, although outdated because of the federal courts' abandonment of marshals as process servers, suggests that nonresidents should be served "in like manner as other process of the court," which points to the

4

requirements of Rule 4. Although Technologists argues that Rule 5 should apply because petitions filed under the FAA are treated as motions rather than civil complaints, *see* 9 U.S.C. § 6, the Court is not persuaded by this argument. Section 6 merely ensures that motions to vacate or confirm arbitral awards are not subject to the pleading requirements of the Federal Rules of Civil Procedure and enables judges to decide arbitration issues on an expedited basis.

*Id.* at 127.

The Seventh Circuit has not weighed in on this precise issue, but this extended discussion from *Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 570-71 (7th Cir. 2007) is helpful:

> Under the FAA, "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions." 9 U.S.C. § 6. This provision of the FAA, we have held, removes actions to confirm or vacate arbitration awards from the realm of civil cases governed by the Federal Rules of Civil Procedure. *See* Fed R. Civ. P. 1, 81(a)(3); *Health Servs. Mgmt. Corp. v. Hughes,* 975 F.2d 1253, 1257-58 (7th Cir.1992). In *Hughes,* the filer of a motion to vacate protested the district court's denial of the motion and the entry of judgment in favor of the opposing party on the ground that the district court had not afforded the movant the process required by Federal Rule of Civil Procedure 16, including scheduling conferences and briefing. We held that § 6 of the FAA "preempts the applicability of the Federal Rules" in favor of the rules governing motions practice. Similarly, other courts have concluded that actions under the FAA to challenge or confirm awards proceed outside the Federal Rules, except insofar as the FAA is silent. *See Productos Mercantiles E Industriales, S.A. v. Faberge USA, Inc.,* 23 F.3d 41, 46 (2d Cir.1994); *O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc.,* 857 F.2d 742, 748 (11th Cir.1988).

Thus, while the Seventh Circuit noted that the FAA preempts the Federal Rules for motions practice, it has not decided whether service should be effectuated by a marshal or under Rule 4. The precise issue, though, the Court declines to decide because the Court finds that under the facts, Defendants were not effectively served or provided notice of this action.

The operative facts are that Heritage sent Defendants a non-file-stamped copy of the Complaint, failed to ever provide Defendants with a cause number, and filed the action under seal, effectively preventing Defendants from finding and participating in this action. These actions fail under the FAA notice provision, but also failed to provide effective service under Rule 4. Heritage

5

overstates the import of the March 19, 2014 email. Rather than explicitly acknowledge service of this action, Defendants' counsel confirmed he could accept service and would be open to waiver. In short, the Court concludes that justice and fairness require that the default judgment be set aside. Defendants' motion is **GRANTED**.

**B.      Arbitration Award**

It is extremely rare that a district court would overturn an arbitrator's ruling. Heritage has represented to the Court that it could only find one such instance, and that was a ruling in part because the arbitrators failed to rule on all the claims. *See* Filing No. 32, at ECF p. 1 n.2; *W&J Harlan Farms, Inc. v. Cargill, Inc.*, No. 1:09-cv-113-WTL-TAB, 2011 WL 1560988 (S.D. Ind. Apr. 21, 2011). Courts only vacate arbitration awards in narrowly defined cases. *Am. Postal Workers Union, AFL-CIO, Milwaukee Local v. Runyon*, 185 F.3d 832, 835 (7th Cir. 1999). Section 10 of the FAA permits a court to vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Defendants assert the fourth ground in this case, specifically that the arbitrator ruled on Heritage's breach of contract claim involving section 4.1(k) of the Agreement.

At this stage, the Court need not consider the merits of the arbitrator's decision, only whether it was within the proper scope of the proceeding. The Seventh Circuit has stated, "[i]t is tempting to think that courts are engaged in judicial review of arbitration awards under the Federal Arbitration Act, but they are not." *Wise v. Wachovia Secs., LLC*, 450 F.3d 265, 269 (7th Cir. 2006). The Court's task is limited "to determining whether the arbitrator abided by the contractual

limits placed on him to decide the dispute." *Am. Postal Workers Union*, 185 F.3d at 835. The Court looks both to the contract and the issues submitted to the arbitrator. *Id.* When determining whether an award is outside of the contract, "[i]t is only when the arbitrator must have based his award on some body of thought, or feeling, or policy, or law that is outside the contract that the award can be said not to draw its essence from" the contract. *Id.* (quotation omitted). The Court resolves any doubt in favor of the arbitration award. When determining whether an award is outside the issues submitted by the parties, deference is given to the arbitrator's interpretation of the scope of an issue "so long as it is rationally derived from the parties' submission." *Id.* Again, any doubts regarding scope are resolved in favor of the arbitration award.

Defendants contend that the breach of contract count pleaded by Heritage was only for a breach of the exclusivity obligations under the Agreement, and did not include breach of section 4.1(k). Section 4.1(k) of the Agreement stated:

> Ownership of Rights. ECE represents and warrants that it is the owner of the full right, title and interest to, and has the right to grant the rights hereinafter granted under, the ECE Technology and ECE Patent Rights, and that no license or other rights are necessary to be granted to ECE from Third Parties under the ECE Technology and ECE Patent Rights for the purpose of conducting the activities set forth herein.

Filing No. 31-1, at ECF p. 9. Defendants argue that the first mention of section 4.1(k) as a basis for breach came seven days before the arbitration hearing and was contained in Heritage's pre-hearing brief, that it had no pre-hearing opportunity to respond to the 4.1(k) claim, and that the arbitrator heard only "three lines of uncorroborated, third-party deposition testimony in support of Heritage's newly alleged breach," Filing No. 31, at ECF p. 3. Defendants argue that in order to determine whether a breach of 4.1(k) occurred, the arbitrator considered, applied, and ruled on federal patent law, which he had no authority to do. Additionally, Defendants argue the arbitrator

7

improperly granted rescission, which they argue was clearly prohibited as a remedy by the Agreement.

First, the Court finds that the section 4.1(k) breach was not improperly before the arbitrator. ECE argues that Heritage failed to amend its statement of claims under the American Arbitration Association's Commercial Arbitration Rule 6, which sets for the procedure and deadlines for adding new claims. Heritage acknowledges that it did not amend its statement of claims, but argues that the discovery and summary judgment processes made clear that a section 4.1(k) claim was implicated, or at least that the ownership of the patent was at issue. Further, Heritage argues that the American Arbitration Association's procedural rules are within the arbitrator's authority and there is no authority that a breach of the rules, or failure to amend a statement to conform to the evidence, dictates vacatur. *See generally*, *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964) ("Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator."); *Hicks v. Cadie Co.*, 355 F. App'x 186, 194 (10th Cir. 2009) ("The arbitrator had discretion to allow Mr. Hicks to amend his statement of claims to conform to the evidence."). The discovery process in this case revealed an issue of who invented the Shredder. The summary judgment briefing discussed this issue in the context of section 4.1(k). The issue was contained in the pre-hearing brief. At no time before or during the hearing did ECE object or state that this claim should not be decided by the Court. ECE argues that the arbitrator had made it clear no continuances or additional discovery would be granted, but this alone does not cure ECE's failure to object to an issue that, it argues, invalidates the arbitrator's decision. Given this set of circumstances, the Court finds that the arbitrator had jurisdiction over

this claim that arose from the parties' contract and was "rationally derived from the parties' submission." *Am. Postal Workers Union*, 185 F.3d at 835.

Second, ECE argues that the arbitrator improperly decided patent law, which was outside the scope of arbitration. Specifically, the arbitrator found that there was an issue with the "inventorship" of the Shredder, thus there was a cloud on ownership as transferred by the Agreement. ECE argues that inventorship is a term of art within patent law, and the arbitrator necessarily decided patent law issues. Contrary to ECE's assertion, the Court finds that the arbitrator did not decide the issue of inventorship, nor did he interpret patent law in his decision. Rather, the arbitrator made a threshold finding that there was a dispute about who invented the Shredder. This factual dispute can be pinpointed and discussed without a full application of the underlying patent law issues. The arbitrator made no findings regarding the patent's validity and the ruling went no further than necessary to rule on the issue of breach and the conclusion was within the arbitrator's discretion.

Finally, ECE argues that the arbitrator exceeded the Agreement's remedies when he granted rescission of the Agreement. The Court first notes that rescission was sought by Heritage from the outset of the arbitration process, yet ECE did not object to rescission as inappropriate. The Court finds that this alone is sufficient to deny ECE's motion on this issue. Additionally, ECE also sought equitable relief that was not explicitly provided for in the Agreement. It borders on disingenuous to contend that only monetary damages were available when ECE requested more than monetary damages. Rescission may not be ECE's preferred remedy, but it was raised from the outset of the claims and ECE failed to object until it received an unfavorable result. The Court will not vacate the arbitration award on this basis. *See Graphic Arts Int'l Union v. Haddon*

9

*Craftsmen, Inc.*, 489 F. Supp. 1088, 1093 (M.D. 1979) ("[A] party may not await an adverse award before asserting objections on grounds of which he had knowledge prior to the award.").

### III. CONCLUSION

Accordingly, ECE's Motion to Set Aside Judgment Confirming Arbitration Award (Filing No. 9) is **GRANTED** and its Motion to Vacate Arbitration Award (Filing No. 30) is **DENIED**. Judgment will issue confirming the arbitration award.

**SO ORDERED.**

Date: 10/17/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Briana Lynn Clark
BINGHAM GREENEBAUM DOLL LLP
bclark@bgdlegal.com

E. Ashley Paynter
BINGHAM GREENEBAUM DOLL LLP
apaynter@bgdlegal.com

Phillip J. Fowler
BINGHAM GREENEBAUM DOLL LLP
pfowler@bgdlegal.com

Carly Duvall
DENTONS US LLP
carly.duvall@dentons.com

Wade P.K. Carr
DENTONS US LLP
wade.carr@dentons.com

Jason R. Scheiderer
SONNENSCHEIN, NATH & ROSENTHAL LLP
jason.scheiderer@dentons.com


Jayna Morse Cacioppo
TAFT STETTINIUS & HOLLISTER LLP
jcacioppo@taftlaw.com

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com

Trent J. Sandifur
TAFT STETTINIUS & HOLLISTER LLP
tsandifur@taftlaw.com