# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| HERITAGE RECYCLING, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:14-mc-00027-TWP-DKL |
| ENERGY CREATES ENERGY, LLC, GENESYS INDUSTRIAL CORP., | ) ) ) ) |
| Defendants. | ) |

## ORDER ON MOTION TO ALTER OR AMEND JUDGMENT

This matter is before the Court on a Motion to Alter or Amend Judgment filed by Defendants Energy Creates Energy, LLC and Genesys Industrial Corp. (collectively, "ECE") pursuant to Rule 60(a) of the Federal Rules of Civil Procedure (Filing No. 39). ECE and Plaintiff Heritage Recycling, LLC ("Heritage") participated in arbitration and a hearing from January 27 through February 3, 2014, following the deterioration of their contractual business relationship. The arbitrator rendered a decision on February 28, 2014 (the "Arbitration Award"), and Heritage asked this Court to confirm the Arbitration Award on March 13, 2014 (Filing No. 1). On October 17, 2014, the Court entered Final Judgment, confirming the Arbitration Award (Filing No. 38). ECE then filed its Motion to Alter or Amend Judgment on October 31, 2014. For the following reasons, the Court **GRANTS** ECE's Motion.

Rule 60 allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. Pro. 60(a). Rule 60(a) allows "changes that implement the result intended by the court at the time the order was entered," whereas Rule 60(b) applies when changes "alter the original meaning [of the judgment] to correct a legal or factual error." *Wesco Products Co. v. Alloy Automotive Co.*,

880 F.2d 981, 984 (7th Cir. 1989). "Thus, if the flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows a correction; if the judgment captures the original meaning but is infected by error, [] the parties must seek another source of authority to correct the mistake." *Id.* (internal citation and quotation marks omitted). In other words, "Rule 60(a) allows a court to correct records to show what *was* done, rather than change them to reflect what *should have been* done." *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006) (emphasis in original).

In this case, the Court "entered as a judgment of this Court" the "Arbitration Award" on April 4, 2014 (Filing No. 5 at 1). That judgment was set aside on October 17, 2014, because Heritage failed to properly serve ECE (Filing No. 37 at 6). In that same Order, the Court noted that "Judgment will issue confirming the arbitration award." (Filing No. 37 at 10.) Also on October 17, 2014, the Court entered Final Judgment, explaining that the Court "this day confirmed the arbitration award." (Filing No. 38.) In the Entry of Final Judgment, the Court explicitly included the money damages portion of the Arbitration Award. The omission of the non-monetary provisions of the Arbitration Award led to an alleged confusion on the part of ECE as to what consists of the Court's "Final Judgment." Rule 60(a) allows this Court to correct the allegedly confusing omission to show what was done by the Entry of Final Judgment. **THE COURT HEREBY CLARIFIES THE ENTRY OF FINAL JUDGMENT AS FOLLOWS:**

The Arbitration Award, docketed at Filing No. 1-1, is confirmed in its entirety. The Arbitration Award in its entirety is adopted as this Court's Final Judgment. Without limiting in any way the confirmation and adoption of the entire Arbitration Award in the Final Judgment, in order to provide comfort to the parties, the Court herein also reiterates from the "Award" section of the Arbitration Award:

2

The Purchase, License, and Commercialization Agreement entered into by Heritage and ECE on May 20, 2011 ("the Agreement") is rescinded.

The Arbitrator acknowledged that the Agreement provides that the ECE patents are the property of ECE at the termination of the Agreement.

Heritage is awarded money damages against Defendants Energy Creates Energy, LLC, and Genesys Industrial Corp., jointly and severally, in the amount of $3,000,000, plus interest accruing at the Indiana statutory rate (beginning on February 28, 2014) until satisfied in full; and $54,792.89 for arbitration fees and expenses incurred by Heritage, plus costs expended to recover this award.

Heritage is ordered to return to ECE the two shredder systems that were provided by ECE, in their present condition, immediately upon receipt of the entire amount of the $3,000,000 plus interest under Indiana law accruing after the date of the Arbitration Award. If the full amount of this award and statutory interest are not paid within 90 days after the Arbitration Award is made a judgment in a court of law, Heritage may proceed at its election to sell or dispose of the two systems pursuant to Indiana law, and the net proceeds received by Heritage therefrom shall be applied to reduce the balance of the award and interest owing by ECE.

The Arbitration Award is in full settlement of all claims and counterclaims submitted to the arbitration, and all claims not expressly granted by the Arbitration Award are denied.

In its Motion to Alter or Amend Judgment, ECE also requests a stay of the execution of judgment pending resolution of the Rule 60 Motion to Alter or Amend Judgment. This request for a stay under Rule 62(b)(4) is **DENIED AS MOOT** because the Rule 60 Motion to Alter or Amend Judgment is resolved by this Order.

**SO ORDERED.**

Date: 5/4/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Briana Lynn Clark
BINGHAM GREENEBAUM DOLL LLP
bclark@bgdlegal.com

Phillip J. Fowler
BINGHAM GREENEBAUM DOLL LLP
pfowler@bgdlegal.com

Carly Duvall
DENTONS US LLP
carly.duvall@dentons.com

Wade P.K. Carr
DENTONS US LLP
wade.carr@dentons.com

Jason R. Scheiderer
SONNENSCHEIN, NATH & ROSENTHAL LLP
jason.scheiderer@dentons.com

Jayna Morse Cacioppo
TAFT STETTINIUS & HOLLISTER LLP
jcacioppo@taftlaw.com

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com

Trent J. Sandifur
TAFT STETTINIUS & HOLLISTER LLP
tsandifur@taftlaw.com