**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| HERITAGE RECYCLING, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ENERGY CREATES ENERGY, LLC, )<br>GENESYS INDUSTRIAL CORP., )<br>)<br>Defendants. ) | Case No. 1:14-mc-00027-TWP-DKL |

**ORDER ON MOTION TO PERMANENTLY ENJOIN DUPLICATIVE
STATE COURT ACTION AND OTHER PROCEEDINGS**

This matter is before the Court on a Motion to Permanently Enjoin Duplicative State Court Action and Other Proceedings filed by Plaintiff Heritage Recycling, LLC ("Heritage") pursuant to the re-litigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283 (Filing No. 43). Heritage and Defendants Energy Creates Energy, LLC and Genesys Industrial Corp. (collectively "ECE") participated in arbitration and a hearing from January 27 through February 3, 2014, following the deterioration of their contractual business relationship. The arbitrator rendered a decision favorable to Heritage on February 28, 2014 (the "Arbitration Award"), and Heritage asked this Court to confirm the Arbitration Award on March 13, 2014 (Filing No. 1). On October 17, 2014, the Court entered Final Judgment, confirming the Arbitration Award (Filing No. 38). Prior to the Court's entry of Final Judgment, ECE initiated a similar action in a Missouri state court on September 23, 2014. Heritage filed a motion to stay the state court action in the Missouri state court and then filed its Motion to Permanently Enjoin Duplicative State Court Action in this Court on November 26, 2014. For the following reasons, the Court **DENIES** Heritage's Motion.

**I. Background**

Heritage and ECE entered into a Purchase, License, and Commercialization Agreement on May 20, 2011 ("the Agreement"). ECE controlled technology and intellectual property relating to a machine that shreds material so it may be recycled ("the Shredder"), and Heritage wanted to commercialize the technology. The Agreement granted Heritage an exclusive license to two patents for twenty-five years. Heritage paid $3 million for the rights. The Agreement contained an arbitration clause for disputes arising out of and relating to the Agreement.

Eighteen months after execution of the Agreement, the business relationship between Heritage and ECE deteriorated and good faith efforts to resolve their disputes failed. Heritage filed a four count arbitration claim against ECE, alleging breach of contract, fraudulent inducement, tortious interference, and unjust enrichment. Heritage's breach of contract claim alleged that ECE had breached the Agreement's exclusivity clause, as explained in a demand letter attached to the complaint. The complaint itself did not specify an exact clause of the Agreement but referenced seven types of conduct that Heritage alleged constituted a breach of the Agreement. The conduct generally referred to developing systems, technology, and intellectual property, and granting licenses and rights that would compete with Heritage's exclusive rights and commercialization efforts. In the arbitration complaint, Heritage specifically requested rescission of the Agreement ([Filing No. 31-6 at 8–9](#)).

The parties underwent extensive discovery and summary judgment procedures. Then the parties participated in the contractually bargained-for arbitration hearing from January 27 through February 3, 2014. On February 28, 2014, the arbitrator denied ECE's counterclaims against Heritage and Heritage's claims of fraudulent inducement, tortious interference, and unjust enrichment against ECE. The arbitrator found in favor of Heritage on its breach of contract claim

and rescinded the Agreement, awarding $3 million dollars and statutory interest to Heritage and ordering the return of the Shredder systems to ECE upon payment.

Shortly thereafter, Heritage filed this miscellaneous proceeding on March 13, 2014, seeking confirmation of the Arbitration Award. On April 4, 2014, the Court entered judgment confirming the Arbitration Award against ECE ([Filing No. 5 at 1](Filing No. 5 at 1)). That judgment was set aside on October 17, 2014, because Heritage failed to properly serve ECE ([Filing No. 37 at 6](Filing No. 37 at 6)). In that same Order, the Court noted that a separate "Judgment will issue confirming the arbitration award." ([Filing No. 37 at 10](Filing No. 37 at 10).) Also on October 17, 2014, the Court entered Final Judgment, explaining that the Court "this day confirmed the arbitration award." ([Filing No. 38](Filing No. 38).)

Before this Court entered its Final Judgment, ECE initiated a similar action in the Jackson County (Missouri) Circuit Court, on September 23, 2014, cause number 1416-CV-22831 (the "Missouri state court action"). The Missouri state court action, involving ECE as plaintiffs, was filed against Heritage, The Heritage Group, Heritage Environmental Services, LLC, The Heritage Research Group, Owens Corning, Sebright Products, Inc., Brinks Gilson & Lione, William Jeffrey Akers, Michael S. Gzybowski, and Anthony Kriech. It involves twenty-one various contract, tort, and legal malpractice claims. Heritage filed a motion to stay the Missouri state court action in that court and filed its Motion to Permanently Enjoin Duplicative State Court Action in this Court on November 26, 2014, based on the re-litigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283.

## II.     Discussion

Heritage seeks a permanent injunction to enjoin the Missouri state court action as well as any other proceedings concerning the Arbitration Award. In the Seventh Circuit, a permanent injunction is appropriate only when (1) the moving party has succeeded on the merits; (2) the

moving party has no adequate remedy at law; (3) the moving party will suffer irreparable harm without injunctive relief; (4) the irreparable harm suffered without injunctive relief outweighs the irreparable harm the nonmoving party will suffer if the injunction is granted; and (5) the injunction will not harm the public interest. *Old Republic Ins. Co. v. Employers Reinsurance Corp.*, 144 F.3d 1077, 1081 (7th Cir. 1998).

In this case, the Court's ability to issue injunctive relief is further limited because of the nature of Heritage's request—enjoining a state court proceeding. The Supreme Court has explained, "Federal courts cannot enjoin state-court proceedings unless the intervention is authorized expressly by federal statute or falls under one of two other exceptions to the Anti-Injunction Act." *McFarland v. Scott*, 512 U.S. 849, 857 (1994). The Anti-Injunction Act declares, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The two exceptions to this general prohibition against enjoining state court proceedings are "where [an injunction is] necessary in aid of [the federal court's] jurisdiction" and "to protect or effectuate [the federal court's] judgments." The Seventh Circuit has explained that "[t]hese exceptions are narrow ones." *Ramsden v. AgriBank, FCB*, 214 F.3d 865, 868 (7th Cir. 2000). The second exception, commonly known as the "re-litigation" exception, is asserted by Heritage in this case.

In describing the re-litigation exception to the Anti-Injunction Act, the Supreme Court recently noted, "This exception is designed to implement 'well-recognized concepts' of claim and issue preclusion. Because deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court . . . every benefit of the doubt goes toward the state court." *Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2371 (2011). The Court further explained in another decision,

4

"Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atlantic C. L. R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 297 (1970).

The Seventh Circuit has provided additional guidance regarding the Anti-Injunction Act and its re-litigation exception. "The Act is designed to prevent friction between state and federal courts and to protect state court proceedings from federal interference." *Ramsden*, 214 F.3d at 868. The Seventh Circuit reiterated the principle that any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed, explaining that the "explicit wording of § 2283 itself implies as much, and the fundamental principle of a dual system of courts leads inevitably to that conclusion." *Id.* at 869.

In *Ramsden*, the Court cautioned, "just because a federal court has the statutory power to enjoin a state court proceeding does not mean that it should exercise that authority. . . . When a federal court is asked to enjoin state court proceedings, the mere fact that the case falls within one of § 2283's exceptions does not qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding." *Id.* Importantly, "[a] litigant must still show equitable entitlement to an injunction." *Id.*

Guided by these principles, the Court now turns to the elements of "the moving party has no adequate remedy at law" and "the moving party will suffer irreparable harm without injunctive relief," which are required before Heritage may receive injunctive relief.

Heritage argues that it has no adequate legal remedy "[s]hould the Court allow ECE/Genesys to proceed along the course it has charted for itself [because] it seems that Heritage, its employees, and its affiliated companies will be in litigation in some form or another for years

5

to come over the same stale claims." ([Filing No. 44 at 31](#).) Heritage continues, "[t]he defensive assertion of issue preclusion in the State Court Action simply does not offer Heritage an adequate legal remedy under these circumstances. ECE/Genesys has proven over and over again that it will take untenable positions in a blatant attempt to avoid comporting with the decision that has been rendered against it." ([Filing No. 44 at 30](#).)

Regardless of whether this argument is analyzed more appropriately under the irreparable harm element or the no adequate remedy at law element, the Court is not persuaded that an injunction is appropriate on this basis in this case. In making this determination, the Court relies on the Seventh Circuit's decision in *Ramsden*. There, the appellate court concluded that the district court abused its discretion in granting an injunction against state court proceedings when the district court concluded, "the obvious prospect of relitigation suffices to show that defendant will suffer irreparable harm if an injunction does not issue to stop the state court proceeding." *Ramsden*, 214 F.3d at 871. In that case, the state court already had addressed the defenses of claim and issue preclusion, determining that they were not applicable and the state court proceeding could continue. After the state court's decision, the district court disregarded principles of comity and enjoined the state court action on the basis that re-litigation would cause irreparable harm. *Id.* The Seventh Circuit vacated the district court's decision to grant the injunction.

On point with this case where the Missouri state court has not addressed claim or issue preclusion arguments, the Seventh Circuit noted, "the expense and uncertainty of litigation ***may sometimes*** be sufficient to warrant an injunction pursuant to sec. 2283 ***prior to*** a clear and express state court ruling on the preclusion defense." *Id.* (emphasis added). The prospect of additional litigation may sometimes justify an injunction against state court proceedings, but it does not demand it. "Just because a federal court has the statutory power to enjoin a state court proceeding

does not mean that it should exercise that authority." *Id.* at 869. "While a federal injunction of state court proceedings might, in some cases, be cost-effective, inefficient simultaneous litigation in state and federal courts on the same issue is one of the costs of our dual court system." *Id.* at 872 (internal citation and quotation marks omitted).

Under the circumstances of this case, the potential for additional expense and delay from another already pending case, without more, is not enough to show irreparable harm or a lack of adequate legal remedies. The Missouri state court is capable of determining the issues of *res judicata*, claim preclusion, issue preclusion, collateral estoppel, or other similar theories that Heritage may seek to employ in the Missouri state court action. If Heritage receives an unsatisfactory decision regarding those defenses, it has recourse through the state appellate channels.

The Court finds it important to note that in opposing the injunctive relief sought by Heritage, ECE has focused much of its argument on its view that the Missouri state court action is not duplicative of this action and is based on different contracts among different parties. Because ECE has taken this position, the Court anticipates that ECE will promptly fulfill its obligations mandated by the Arbitration Award, which was confirmed by this Court.

### III. Conclusion

Because the Court has determined that an injunction is not appropriate for lack of irreparable harm and the existence of adequate legal remedies, Heritage's Motion to Permanently Enjoin Duplicative State Court Action and Other Proceedings is **DENIED**.[1]

---

[1] This Order in no way precludes Heritage or any of the other defendants in the Missouri state court action from asserting *res judicata*, claim preclusion, issue preclusion, or other similar defenses or theories, nor does this Order suggest the likelihood of success on such course of action by the Missouri state court defendants.

ECE filed a related Motion for Leave to File Sur-Reply in Opposition to Motion to Enjoin on January 23, 2015 ([Filing No. 49](#)). Because the Court denies Heritage's Motion to Permanently Enjoin Duplicative State Court Action and Other Proceedings, ECE's Motion for Leave to File Sur-Reply is **DENIED AS MOOT**.

**SO ORDERED.**

Date: 5/4/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Briana Lynn Clark
BINGHAM GREENEBAUM DOLL LLP
bclark@bgdlegal.com

Phillip J. Fowler
BINGHAM GREENEBAUM DOLL LLP
pfowler@bgdlegal.com

Carly Duvall
DENTONS US LLP
carly.duvall@dentons.com

Wade P.K. Carr
DENTONS US LLP
wade.carr@dentons.com

Jason R. Scheiderer
SONNENSCHEIN, NATH & ROSENTHAL LLP
jason.scheiderer@dentons.com

Jayna Morse Cacioppo
TAFT STETTINIUS & HOLLISTER LLP
jcacioppo@taftlaw.com

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com

Trent J. Sandifur
TAFT STETTINIUS & HOLLISTER LLP
tsandifur@taftlaw.com