# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **HERITAGE RECYCLING, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **No. 1:14-mc-0027-TWP-DKL** |
| **ENERGY CREATES ENERGY, LLC, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## ENTRY AND ORDER ON MOTION FOR PROCEEDINGS SUPPLEMENTAL AND RELATED MOTIONS (DKT. # 61, 63, 65, 67 & 72)

This cause comes before the Court on the following motions: Plaintiff's Motion for Proceedings Supplemental (Dkt. #61), Defendants' Motion to Stay Execution and Enforce Judgment for Specific Act (Dkt. #63), Plaintiff's Motion to Hold ECE/Genesys in Contempt and to Order ECE/Genesys to Grant Heritage Recycling Access to the Systems (Dkt. #65), Defendants' Motion for Leave to File Documents Under Seal (Dkt. #67), Plaintiff's Motion for Expedited Ruling (Dkt. #72).  The Honorable Tanya Walton Pratt has referred these motion to the undersigned for ruling.

## Background

The parties arbitrated a dispute before the American Arbitration Association.  On February 28, 2014, the Arbitrator issued his Award, finding in favor Heritage Recycling

("Heritage") on its breach of contract claim and against Energy Creates Energy and Genesys Industrial Corp. (together "ECE/Genesys") on their claims, and granted Heritage its requested relief of rescission.  The Award states:

> Heritage Recycling is hereby granted an award against ECE and Genesys, jointly and severally, in the amount of $3,000,000, and Heritage Recycling is hereby ordered to return to ECE and Genesys the two shredder systems that were provided by ECE, in their present condition, immediately upon receipt of the entire amount of the $3,000,000 (and interest under Indiana law accruing after the date of this Award).  If the full amount of this award and statutory interest under Indiana law accruing after the date of this Award, are not paid within 90 days after this Award is made a judgment in a court of law, Heritage Recycling may proceed at its election to sell or dispose of the two systems pursuant to Indiana law, and the net proceeds received by Heritage Recycling therefrom shall be applied to reduce the balance of the Award and interest owing by ECE and Genesys.

Dkt. 1-1, Arbitration Award at 19.

The two shredder systems ("Systems") were housed in the ECE/Genesys warehouse in Kansas City, Missouri.  Heritage leased the warehouse from ECE.  After the lease was terminated, Heritage vacated the premises on April 28, 2014, removing its property and other items from the warehouse, and surrendering possession of the lease premises to ECE.  Thereafter, Heritage has not had access to the warehouse.  Heritage claims that it left the Systems and all other equipment that could possibly be construed as part of the Systems in the warehouse.  Thus, according to Heritage's evidence, unless removed by ECE/Genesys, the Systems have been and still are housed in the warehouse. *See, e.g.* Dkt. 64-1, Darci Ackerman Decl. ¶¶ 6-7, 10-11, 13.

On October 17, 2014, the Court entered Final Judgment confirming the Arbitrator's Award.  The Final Judgment provides in part:

The Court hereby enters JUDGMENT for Plaintiff and against Defendants, jointly and severally, in the amount of:

- $3,000,000.00, plus interest accruing at the statutory rate (beginning on February 28, 2014) until satisfied in full; and

- $54,792.89 for arbitration fees and expenses incurred by Heritage Recycling plus costs expended to recover this award.

Dkt. 38 at 1.

On October 31, 2014, the Defendants filed a Motion to Alter or Amend the Judgment to add language from the Arbitration Award regarding the non-monetary provisions of the Award. Defendants did not seek to alter or amend the Judgment with respect to the monetary award to Heritage. On May 4, 2015, the Court entered an Order, pursuant to Fed. R. Civ. P. 60(a), granting the motion to alter or amend and correcting "the allegedly confusing omission to show what was done by the Entry of Final Judgment." Dkt. 54 at 2. As the Court stated, "Rule 60(a) allows a court to correct records to show what *was* done, rather than change them to reflect what *should have been* done." *Id.* (citation omitted). The May 4 Order reiterated in its entirety the Award section of the Arbitration Award. *Id.* at 3.

Meanwhile, Heritage moved in this Court to permanently enjoin what it alleged was a duplicative state court action filed by ECE/Genesys in the Circuit Court of Jackson County Missouri. This Court denied that motion on May 4, 2015, noting that "in opposing the injunctive relief … ECE has focused much of its argument on its view that the Missouri state court action is not duplicative of this action." Dkt. 55 at 7. Thus, the Court "anticipate[d] that ECE will promptly fulfill its obligations mandated by the

3

Arbitration Award." *Id.* Nonetheless, ECE/Genesys has not fulfilled its obligations under the Award and has not satisfied the Judgment, which has increased to over $3,376,000. ECE/Genesys did not appeal the Judgment, and the time for taking an appeal has run.

On June 19, 2015, ECE/Genesys filed a Motion to Stay Execution and Enforce Judgment for Specific Act in this Court and filed a like motion in the action in the Western District of Missouri. (The Missouri state court action had been removed to federal district court, Cause No. 4:15-mc-0436-FJG.) ECE/Genesys also filed in the Western District of Missouri a Motion to Quash a Writ of Execution and a Motion to Strike Heritage's Praecipe for Writ of Attachment. On July 6, 2015, the Missouri district court stayed that action until this Court "either issues a decision on this issue [ECE/Genesys Motion to Stay Execution] or **September 30, 2015**, whichever is sooner." Dkt. 73-1 at 2. Heritage fears that while it is unable to renew its collection efforts in Missouri, ECE/Genesys will dissipate or transfer assets in order to avoid paying the Judgment.

**Motion for Expedited Ruling**

Heritage moves for an expedited ruling on the Defendants' Motion to Stay Execution, Heritage's Motion for Contempt, and Heritage's Motion for Proceedings Supplemental. Heritage states that the Western District of Missouri has stayed Plaintiff's future collection efforts to allow this Court to rule on the Defendants' Motion to Stay Execution. Defendants have responded to the motion for expedited ruling, agreeing that the motions at issue are fully briefed and ripe for ruling, but asserting that an expedited

ruling is neither necessary nor an appropriate use of Court resources.  Defendants blame any delay in the enforcement and payment of the Arbitration Award and Final Judgment on Heritage.  They state that they "have acted in good faith and attempted to coordinate the exchange of the parties' obligations under the Arbitration Award and Final Judgment."  Dkt. 76 at 5.  They note that, as a sign of good faith, they have offered to deposit with this Court $1,000,000 "or such other amount this Court determines to be just and appropriate under the circumstances, up to the full amount of the Award" plus interest pending resolution of the parties' dispute over what constitutes the two shredder Systems.  Dkt. 76 at 5; Dkt. 66 at 5–6.  Defendants assert that "they may be due significant credits based on Heritage's removal of various components of the Systems after February 28, 2014."  *Id.* at 6.

It seems that ECE/Genesys has been under a mistaken understanding of the parties' obligations under the Arbitration Award.  ECE/Genesys's right to the return of the two shredder systems was conditioned on their payment of the entire amount awarded to Heritage.  Dkt. 1-1, Arbitration Award 19 ("Heritage Recycling is hereby ordered to return to ECE and Genesys the two shredder systems … in their present condition, *immediately upon receipt of the entire amount* of the $3,000,000 (and interest under Indiana law accruing after the date of this Award)."  (Emphasis added).  Defendants had no right to return of the Systems before receipt of the amount awarded to Heritage.  Moreover, under the terms of the Arbitration Agreement, Defendants right to return of the Systems "has now expired."  Dkt. 63-5; *see* Dkt. 1-1, Arbitration Award 19 ("If the full amount of this award and statutory interest under Indiana law accruing after the date of

this Award, are not paid within 90 days after this Award is made a judgment in a court of law, Heritage Recycling may proceed at its election to sell or dispose of the two systems pursuant to Indiana law ….").  Whether the effective date of the judgment was October 17, 2014 or May 4, 2015, more than 90 days have passed since the Arbitration Award was made a Judgment in this Court.  Because the full amount was not paid within 90 days, Heritage is under no obligation to return the Systems to ECE/Genesys; instead, Heritage may elect to sell or dispose of the Systems and apply the net proceeds to reduce the balance and interest owing.

Defendants complain that although they confirmed their willingness to pay the Award amount, Heritage did not "confirm its ability to immediately turn over the Systems in their February 28, 2014 condition" but instead "would only state that it would comply with or honor the Arbitration Award."  Dkt. 76 at 3.  However, by confirming "that it has and will continue to comply with all of its obligations under the Arbitration Award," Dkt. 63-4 at 2, Heritage was confirming that it would return to ECE/Genesys the two shredder Systems in their condition as of February 28, 2014.

Defendants express concern that Heritage appears "to have removed components of the Systems such that they [are] no longer operational."  Dkt. 76 at 3.  Heritage asserts that it did not remove components of the systems, or that any such components were leased from third parties.  *See, e.g.*, Dkt. 76 at 3; Dkt. 67-2, Kyle Watts Aff. ¶ 9.  There appears to be a dispute among the parties over what constitutes the components of the Systems.  But because ECE/Genesys did not pay the full amount due Heritage within 90

days, Heritage is no longer obliged to return the Systems, regardless of what the component parts may be.

Given the competing actions in this Court and in the Western District and the fact that the latter court entered a stay to allow this Court to rule on the issues surrounding the Judgment, the undersigned finds that expedited rulings are necessary and appropriate; therefore, the Motion for Expedited Ruling (Dkt. No. 72) should be granted.

### Motion for Leave to File Documents Under Seal

Defendants seek leave to file under seal several documents in support of their reply to their motion to stay execution. Specifically, they seek to file under seal the Affidavit of Kyle Watts, asserting that three exhibits to that affidavit contain information regarding the assembly of the Systems that constitute trade secrets. Defendants state that they would be harmed if the trade secrets were publicly disclosed.

"Documents that affect the disposition of federal litigation are presumptively open to public view ... unless a statute, rule, or privilege justifies confidentiality." *In re Specht,* 622 F.3d 697, 701 (7th Cir. 2010). If material may be subject to seal, then the court weighs "the moving party's interest in privacy and the public's interest in transparency." *United States v. Sanford-Brown, Ltd.*, 788 F.3d 696, 712 (7th Cir. 2015). "[A] litigant must do more than just identify a kind of information and demand secrecy." *Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 546 (7th Cir. 2002). A motion to seal should "analyze the applicable legal criteria." *Id.*

Heritage responds to the motion first by arguing that Defendants offer insufficient justification for filing the entire affidavit under seal and that nothing in the affidavit or attached exhibits constitutes a trade secret.  Heritage points out several shortcomings in Defendants' motion. First, Defendants do not argue that the Watts Affidavit in its entirety contains trade secrets; nor do they offer any other justification for allowing the entire affidavit to be filed under seal.  Second, Defendants failed to comply with Local Rule 5-11(d) regarding the procedure for filing documents under seal: for example, they did not file a redacted version of the affidavit; nor did they explain why less restrictive alternatives to sealing such as redaction would not provide sufficient protection.  *See* S.D. Ind. L.R. 5-11(d)(2)(B), (e)(2)(A).  True, Defendants failed to comply with Local Rule 5-11(d).  They submit that no party has been prejudiced by their error in failing to file a redacted public version of the Affidavit because they emailed unredacted copies of the Affidavit to all parties and the Court when the motion was filed.  The Court agrees with Defendants' reply that redaction would not be a workable alternative; the diagrams in their entirety would have to be redacted to afford protection to the alleged trade secrets. However, in the future, Defendants should ensure compliance with the Local Rules, but in this instance the Court will not strictly enforce Rule 5-11 and will overlook the noncompliance.

Heritage argues that the Arbitrator has already determined that ECE/Genesys does not have any trade secrets relating to the systems other than the patents relating to the Watts' Shredder.  In the arbitration, ECE/Genesys claimed misappropriation of trade secrets, alleging that its proprietary technology and intellectual property constituted

8

trade secrets that had been misappropriated by Heritage.  *See* Dkt. 47-3, Count IV at ¶¶ 55-63.  Defendants reply that the Arbitrator only addressed whether Heritage misappropriated certain ECE trade secrets, and neither the Arbitrator nor this Court has addressed whether drawings or diagrams of the complete systems constitute a trade secret.  It seems that the Arbitrator's ruling only addressed misappropriation; nonetheless, the Arbitrator did reason that ECE did not own as a trade secret "the claimed ECE Technology," which was defined to include sketches, drawings, etc., *see* Dkt. 1-2 at 2, ¶ 1.9, and that the only trade secret was the ownership of the patents related to the Watts' Shredder.  *See* Dkt. 1-1 at 10 (finding that "Heritage Recycling proved … that ECE did not own as a trade secret or otherwise the claimed ECE Technology … except for ECE's ownership of the patents relating to the (Kyle) Watts' Shredder").  Furthermore, Defendants' reply states that the parties had additional contracts that were not subject to the Arbitration that defined "Proprietary Information" and "Confidential Information" more broadly than simply "trade secrets."  *See* Dkt. 75, Ex. A, Petition filed in Jackson County, Missouri Circuit Court, ¶ 77.  Thus, Defendants argue that even if the Arbitrator's decision addressed the drawings at issue (the exhibits to the Watts Affidavit), it did not address whether the drawings are protected by other confidentiality provisions in agreements between the parties not subject to arbitration.  They may have a point.

While the Court agrees that Defendants' request to file under seal is overly broad, as they do not claim that the Watts Affidavit contains any trade secrets, it is appropriate to consider the exhibits at issue.  Although Defendants did not carefully analyze the legal criteria or explain why the exhibits are trade secrets, it does appear to the Court that the

diagrams would constitute trade secrets or other confidential information, and that Defendants could suffer competitive harm by their disclosure to the public.  It seems that the "diagrams of the Systems could essentially serve as a blueprint for … copying the Systems." Dkt. 75 at 3.

However, because Defendants assert trade secrets only with respect to Exhibits B, C, and D to the Kyle Watts Affidavit, and suggest no justification for filing the remainder of the Watts Affidavit under seal, the Court finds that the motion for leave to file under seal should be **GRANTED IN PART**:  The motion is **granted** with respect to Exhibits B, C, and D to the Watts Affidavit and is **denied** with respect to the affidavit itself and Exhibit A; these two documents may not be filed under seal.  Furthermore, Heritage's concern that ECE/Genesys may try to use an order to suggest that this Court has determined that ECE/Genesys has some sort of trade secrets relating to the Watts shredder can be addressed by including the language that Defendants suggest.

**Motion to Hold ECE/Genesys in Contempt and to Order ECE/Genesys to Grant Heritage Recycling Access to the Systems**

Heritage moves the Court to hold ECE/Genesys in contempt for interfering with the Court's judgment by refusing to make the Systems available to Heritage immediately so that it may sell or dispose of them pursuant to Indiana law and apply the net proceeds to reduce the balance of the judgment owed.  Heritage has demanded return of the systems and access to the systems for inspection and removal.  Heritage represents that ECE/Genesys has refused to comply with these demands and by doing so is "thwarting"

the Court's Judgment and preventing Heritage from obtaining the relief to which it is entitled under the Arbitration Award and Judgment.

"Rule 70 gives the district court a discrete and limited power to deal with parties who thwart final judgments by refusing to comply with orders to perform specific acts." *Analytical Eng'g, Inc. v. Baldwin Filters, Inc.*, 425 F.3d 443, 449 (7th Cir. 2005). Where a court's final judgment orders a party to perform a specific act, and that party is not in full compliance with the court's order, the court may grant a Rule 70 motion seeking to force compliance with the original order. *Id.* The Court may hold the disobedient party in contempt as well. Fed. R. Civ. P. 70(e).

The Court's Final Judgment confirming the Arbitration Award ordered ECE/Genesys to pay $3,000,000, plus interest accruing at the statutory rate (beginning on February 28, 2014) until satisfied in full; $54,792.89 for arbitration fees and expenses plus costs expended to recover this award. ECE/Genesys did not pay the amount due Heritage; thus it was not and is not in full compliance with the Court's Final Judgment.

Defendants' opposition to Heritage's motion argued that the time to pay the Arbitration Award had not yet run and so Heritage was not entitled to sell or dispose the Systems. Dkt. 68 at 1. Even if that were true as of the date of the filing of Defendant's opposition, it is not true now. Even assuming that the 90 days did not begin to run until the Court's May 4, 2015 Order, the 90-day time period has now passed—August 2 is 90 days after May 4—and the full amount of the Arbitration Award and statutory interest have not been paid. Under the terms of the Arbitration Award as confirmed by the Court,

because more than 90 days have passed since Final Judgment, "Heritage may proceed at its election to sell or dispose of the two systems pursuant to Indiana law."

Defendants have offered to deposit into the Court, an amount of $1,000,000 or another amount up to the full amount of the Arbitration Award with properly calculated interest, pending resolution of the dispute about what components constitute the Systems. *See* Dkt. 66 at 5-6.  They contend that "[a]llowing such a deposit would address any concerns Heritage has regarding its ability to collect the monetary portion of the Final Judgment … and would also avoid the inequities that would result were Heritage allowed to proceed with enforcing payment of the monetary portion of the Final Judgment when it appears Heritage cannot comply with the portion of the Final Judgment requiring return of the Systems to ECE."  Dkt. 66 at 6.  But, as explained, Heritage has not received the entire amount of the Arbitration Award, so Heritage was not required to return the Systems; and because the 90 days after Final Judgment have passed, Heritage is under no obligation to return the Systems to ECE/Genesys and may elect to sell or dispose of the Systems.

Accordingly, the Court finds that Heritage's Motion to Hold ECE/Genesys in Contempt and to Order ECE/Genesys to Grant Heritage Recycling Access to the Systems should be **GRANTED IN PART**.  The Court declines to hold ECE/Genesys in contempt *at this time*, but enters an appropriate order granting Heritage access to the Systems at the end of this Entry.  ECE/Genesys are put on notice that the continued failure to comply with the Court's Final Judgment and other orders may result in contempt sanctions.

**Motion to Stay Execution and Enforce Judgment for Specific Act**

Defendants move the Court to stay enforcement of the judgment clarified on May 4, 2015 and to order Heritage to reassemble and produce the Systems for inspection, provide ECE with a list of any missing components, and forbear from moving, disassembling, or selling the Systems, or alternatively to hold Heritage in contempt for failure to honor its obligations under the Judgment.  Essentially, Defendants argue that Heritage has failed to coordinate the return to ECE of the Systems in their February 28, 2014 condition and has failed to provide them with any assurance that it will fulfill its obligation to do so.  Defendants also maintain that Heritage has dismantled the Systems and removed numerous component pieces of equipment from the warehouse in Kansas City and thus it is likely incapable of returning the Systems to their February 28 condition as required by the Arbitration Award.  Defendants repeatedly argue that their "90-day period to pay the Arbitration Award has yet to run."  Dkt. 63 at 5.

While the 90-day period may not have run at the time of the filing of the motion to stay execution, as addressed, it has run now.  In addition, as addressed, ECE/Genesys are no longer entitled to return of the Systems in their February 28, 2014 condition, and Heritage is entitled to sell or dispose of the Systems pursuant to Indiana law. Defendants' motion to stay execution and enforce judgment therefore should be denied.

13

**Conclusion**

For the foregoing reasons, the undersigned **GRANTS** Plaintiff's Motion for Expedited Ruling (Dkt. #72), **GRANTS IN PART** Defendants' Motion for Leave to File Documents Under Seal (Dkt. #67), **DENIES** Defendants' Motion to Stay Execution and Enforce Judgment (Dkt. #63), **GRANTS** Plaintiff's Motion for Proceedings Supplemental (Dkt. #61), and **GRANTS IN PART** Plaintiff's Motion to Hold ECE/Genesys in Contempt and to Order ECE/Genesys to Grant Heritage Recycling Access to the Systems (Dkt. #65).

Defendants are **ORDERED** to file under seal within 10 days of the date of this order Exhibits B, C, and D to the Affidavit of Kyle Watts, which were filed in support of their Reply in Support of Motion to Stay Execution and Enforce Judgment for Specific Act; however, the remainder of the Watts Affidavit including Exhibit A should not be filed under seal.  The Clerk is instructed to provide access to the sealed documents to counsel in this case on the electronic case docket.  In granting in part Defendants' motion for leave to file under seal, the Court has made no determination regarding the validity of any trade secret claims made by Defendants in their motion.

ECE/Genesys is **ORDERED** to make the Systems available to Heritage within 5 days of the date of this order so that Heritage may sell or dispose of the Systems pursuant to Indiana law, and the net proceeds received by Heritage therefrom shall be applied to reduce the balance of the Judgment owing by ECE/Genesys.  The Court declines Heritage's request for an award of attorneys' fees and expenses incurred in relation to its

14

efforts to obtain access to the Systems and the filing of its Motion to Hold ECE/Genesys in Contempt.

By separate document, the Court will set a hearing on proceedings supplemental.

**So Ordered.**


Date:   09/04/2015

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Counsel of Record